(10 Misc. Rep. 38.)

### ROESSEL et al. v. ROSENBERG et al.[1]

#### (City Court of New York, General Term. October 23, 1894.)

PLEADING—AMENDMENT OF COMPLAINT.

> Where the sureties of the sheriff in a retaking bond, given by the sheriff in a replevin suit against him, which limits their liability to a return of the chattels replevied, or their value, are substituted as defendants, it is error to allow an amendment of the complaint changing the cause of action to conversion.

Appeal from special term.

Action by Louis Roessel and others against Robert Rosenberg and Louis Lillienthal. From an order granting leave to plaintiffs to amend the complaint, defendants appeal. Reversed.

Argued before EHRLICH, C. J., and FITZSIMONS and NEWBURGER, JJ.

Blumenstiel & Hirsch, for appellants.
F. A. Thomson, for respondents.

NEWBURGER, J. This is an appeal from an order made herein, granting leave to the plaintiffs to amend their complaint. The action was instituted against the sheriff of the city and county of New York, and was in replevin, to recover possession of certain

personal property upon which the sheriff had levied under certain executions.   By an order subsequently made, the present defendants were substituted in the place of the sheriff as defendants in the suit, by reason of having been the sureties of the sheriff in this action, upon an undertaking to retain the possession of the chattels.   The bond was not a general indemnity bond, but was the usual retaking bond, which, by its terms, limited the liability of the sureties to a return of the chattels replevied, or their value.   The order appealed from changed the cause of action from replevin to conversion.   While the court has the power to make the change, it has been repeatedly held that it should only be done in the furtherance of justice and in a perfectly plain case.   The defendants in this case were substituted after the form of the action had been designated as in replevin.   The defendants, it must be assumed, knew their liability, and therefore had a perfect right to rely upon that fact. The cases cited by counsel for the respondents were cases in which the defendants participated in the original wrong, and was evidenced by the bond of indemnity which authorized the sheriff to consummate the original wrong by sale and conversion of plaintiffs' property.   No such state of facts exists in this case, and the order appealed from must be reversed, with costs, and the motion for leave to serve an amended complaint denied.   All concur.